on, the trial was merely a form, and the Trial Judge might as well have entered a compulsory nonsuit.

The Trial Judge, in endeavoring to justify his ruling, said in his opinion refusing a new trial that: "It is difficult to determine speed by the speed of an approaching headlight." It is a mistaken assumption that one may not estimate the speed of an approaching car, especially if it is seen from an angle, as the plaintiff did in this case. In *Shaffer v. Torrens,* 359 Pa. 187, 193, this Court, speaking through Justice (now Chief Justice) JONES, said: "There is no rule of law, whereof we are aware, that excludes opinion evidence as to speed if the witness presents the requisite qualifications, viz., an observation of the vehicular movement in question and a recognition of impressions of like vehicles at relative speeds."

It would appear from a reading of the record that the learned Trial Judge was too quick on the trigger in sustaining the objection of defendant's counsel when plaintiff's counsel asked the plaintiff about the speed of the car, and it is regrettable that this Court feels impelled to sustain that unfortunate ruling. A little less speed by the Trial Judge in making the ruling might have taken the case to its termination without a blemish, and a little less longanimity at this level regarding high-speed and high-powered rulings might send this case back for the new trial to which the plaintiff, in my opinion, is most certainly entitled.

Accordingly, I dissent.

## Harnish, Appellant, *v.* Shannon.

Argued March 19, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Carl A. Belin,* with him *Dan P. Arnold, Reiley & Reiley,* and *Chaplin & Arnold,* for appellants.

*Frank J. Gaffney,* with him *Thorp, Reed & Armstrong,* for appellees.

OPINION PER CURIAM, April 21, 1958:

Judgment affirmed on the opinion of President Judge RICHARD G. SNYDER reported in 12 Pa. D. & C. 2d 54.

## Harvey *v.* Allegheny County Retirement Board, Appellant.

